F I L E D
United States Court of Appeals
Tenth Circuit

OCT 12 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL DANA WILLIAMS,

Petitioner-Appellant,

v.

WYOMING ATTORNEY GENERAL
and MICHAEL V. PUGH, Warden,
Federal Correctional Institution,
Florence, Colorado,

Respondents-Appellees.

No. 99-8042

(D.C. No. 97-CV-304-B)

(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Petitioner Paul Dana Williams, proceeding pro se, appeals the district

court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28

_____

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 and his request for a writ of error coram nobis.

Petitioner, currently incarcerated at the Federal Correctional Institution at Florence, Colorado, pleaded guilty in 1983 to manslaughter in Wyoming and was sentenced to three to eight years' imprisonment. In this habeas corpus petition filed in the United States District Court for the District of Wyoming, Petitioner alleged that he was factually innocent of the crime charged because the information for his conviction charged first degree murder but was not changed to reflect his plea. He also claimed that he was never formally arraigned on the manslaughter charge, nor was he advised of the elements of manslaughter. Petitioner has served his state sentence but his challenge rests on the use of the Wyoming conviction for a career offender enhancement of a sentence imposed in the United States District Court for the Eastern District of Texas.

The United States District Court for the District of Wyoming dismissed the petition, finding that it was untimely under 28 U.S.C. § 2244(d) because it was not filed until December 22, 1997, eight months after the period of limitations, including a one-year grace period, had run. The court also dismissed Petitioner's request of a writ of error coram nobis because a federal court does not have jurisdiction to attack a state criminal judgment under this writ. The court subsequently denied Petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right.

Petitioner renewed his application for a certificate of appealability in this court and also moved to amend that application. In the motion to amend, Petitioner incorrectly states that the district court originally denied his § 2254 petition only because it was moot but later changed its reasoning "because [the] issue was not constitutional." Motion to Amend at 2. In fact, the district court denied the habeas corpus petition because it was untimely, denied the request for a writ of error coram nobis because it was inappropriate, and denied *all other pending motions* as moot. See R., Vol. 1, Doc. 7 at 2-3. Neither the § 2254 petition nor the application for a certificate of appealability was denied as moot. Accordingly, Petitioner's original application for a certificate of appealability suffices, and we deny his motion to amend.

Because Petitioner's Wyoming conviction became final in 1983, his § 2254 petition challenging that conviction was due on April 23, 1997. See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (applying one-year grace period for statute of limitations to petitioners whose convictions became final before April 24, 1996). He filed no applications for state collateral review that would toll the one-year limitations period in this case. See id. at 1226. On this basis, the district court determined that the petition was untimely. On appeal, Petitioner presents no argument concerning the untimeliness of his petition, contending instead that his assertion of actual innocence trumps any procedural mistakes.

The cases he cites to support his position of actual innocence, however, pertain not to the timeliness of a federal habeas corpus petition but to procedural default in state courts. Nonetheless, because we construe pro se proceedings liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), we examine whether the district court should have equitably tolled the limitations period for Petitioner's claim of actual innocence.

Having reviewed Petitioner's applications, his brief, and the record, we conclude that Petitioner has not presented the court with sufficient reason to equitably toll the statute of limitations. First, this court has noted that

> courts have historically limited equitable tolling of a statutory limitation period to situations where a petitioner "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."

Bridges v. Booher, No. 99-6191, 1999 WL 617723 (10th Cir. Aug. 16, 1999) (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, __ U.S. __ , 119 S. Ct. 210 (1998) (indicating that equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims). Petitioner's allegations do not address the active pursuit of judicial remedies or any government trickery or misconduct and thus have not satisfied this criteria.

Second, in spite of his claim of innocence in relation to the alleged charge

-4-

of first degree murder, Petitioner pleaded guilty to and was sentenced for manslaughter. He does not claim that he is actually innocent of manslaughter. Neither the record nor our independent research tells us whether the District Court for the Eastern District of Texas enhanced Petitioner's sentence based on a first degree murder charge or a manslaughter charge. Nevertheless, because his manslaughter conviction is a felony that would satisfy the career offender enhancement under § 4B1.2(a) of the United States Sentencing Guidelines anyway, see WYO. STAT. ANN. § 6-2-105; U.S.S.G. § 4B1.2, comment. (n.1) (including manslaughter in definition of "crime of violence"), the distinction between the two offenses is insignificant for purposes of Petitioner's claims.

In short, Petitioner has raised no arguments which merit further proceedings, debate, or a different result on appeal. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Accordingly, he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and we therefore DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge


-5-